# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| DR. TONEY FORD, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO.: 1:14-CV-320-PPS-SLC |
| v. ) | |
| ) | |
| DEREK SESSOMS, et al., ) | |
| ) | |
| Defendants ) | |

## OPINION AND ORDER

Before the Court is a "Motion to Stay Proceedings or, in the Alternative, to Stay Discovery" filed by Defendant Derek Sessoms, requesting that the Court stay this 42 U.S.C. § 1983 action pending resolution of the criminal charges against *pro se* Plaintiff Dr. Toney Ford, Sr. (DE 21). Ford opposes the motion on various grounds, none of which are persuasive.

Accordingly, for the following reasons, the motion to stay will be GRANTED.

### *A. Factual and Procedural Background*

In October 2014, Ford filed this § 1983 case against certain Marion, Indiana, city council members and police officers, including Sessoms, alleging various civil rights violations arising out of Ford's arrest on or about September 23, 2013. (DE 1). Specifically, Ford alleges that while driving his vehicle he noticed a "strange white car" following him, which eventually caused him to have an accident. (DE 1 at ¶ 29). Fearing for his own safety, Ford exited his vehicle and fled on foot. (DE 1 at ¶ 29). The "strange white car" turned out to be an unmarked police car, and Ford was later arrested for leaving the scene of an accident and resisting arrest. (DE 1 at ¶ 29; DE 3 at 2; DE 22 at 1).

After screening Ford's complaint pursuant to 28 U.S.C. § 1915A, only one claim remains—Ford's assertion that Sessoms violated his equal protection rights by discriminating against him on the basis of his race and nationality in his "unlawful arrest and detention."[1] (DE 3 at 3 (citing DE 1 at ¶ 49)). On March 16, 2015, Ford served Sessoms with various discovery requests. (DE 16; DE 17; DE 18). On April 6, 2015, Sessoms filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), which remains pending, together with the instant motion. (DE 19; DE 21).

In the motion to stay, Sessoms requests that the Court stay this case until resolution of Ford's criminal charges, which are pending in the Circuit Court of Grant County. (DE 21). Sessoms asserts that under *Younger v. Harris*, 401 U.S. 37 (1971), this Court must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings. (DE 22 at 2). He further contends that some of Ford's discovery requests in this case appear to seek discovery for the criminal matter. (DE 22 at 2).

### B. Applicable Legal Standard

*Younger* abstention applies to "federal claims for damages, where the federal claims 'are potentially subject to adjudication' in the state criminal proceeding and thus could 'interfere' with the state criminal proceeding." *Robinson v. Lother*, No. 04 C 2382, 2004 WL 2032120, at *2 (N.D. Ill. Sept. 1, 2004) (quoting *Simpson v. Rowan*, 73 F.3d 134, 137-39 (7th Cir. 1995)). For instance, if the plaintiff were to obtain a favorable resolution in the federal suit for damages before the conclusion of the state criminal case, the "resulting federal judgment might undermine the [state] court's consideration of [the plaintiff's] constitutional defenses to his criminal

---

[1] Ford sued Sessoms in both his individual and official capacity. (DE 1 at ¶ 7; DE 3 at 3-4).

conviction." *Simpson*, 73 F.3d at 138. The *Younger* doctrine provides that a court must abstain from proceeding with the federal claims if:

> (1) there is an ongoing state proceeding that is judicial in nature; (2) the state proceeding implicates important state interests; (3) there is an adequate opportunity in the state court proceeding to raise the constitutional challenge presented in the federal claims; and (4) there are no extraordinary circumstances that would render abstention inappropriate.

*Trevino v. Drew Tittle*, No. 1:09-cv-248RM, 2009 WL 3153754, at *3 (citing *Forty One News v. Cnty. of Lake*, 491 F.3d 662, 665 (7th Cir. 2007); *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002)).

Aside from *Younger* abstention, "[t]he court has the inherent power to stay civil proceedings, postpone civil discovery, or impose protective orders when the interests of justice so dictate." *Horton v. Pobjecky*, No. 12 c 7784, 2013 WL 791332, at *3 (N.D. Ill. Mar. 4, 2013) (quoting *Doe v. City of Chicago*, 360 F. Supp. 2d 880, 881 (N.D. Ill. 2005)). Thus, "proceedings in a civil case may be stayed to prevent them from interfering with a related criminal case." *Doe v. Cnty. of Milwaukee*, No. 14-c-200, 2014 WL 3728078, at *5 (E.D. Wis. July 29, 2014) (collecting cases). In determining whether to stay civil proceedings because of a pending criminal action, a court may consider:

> (1) whether the two actions involve the same subject matter, (2) whether the two actions are brought by the government, (3) the posture of the criminal proceeding, (4) the public interests at stake, (5) the plaintiff's interests and possible prejudice to the plaintiff, and (6) the burden that any particular aspect of the proceedings may impose on the defendants.

*Horton*, 2013 WL 791332, at 3 (quoting *City of Chicago*, 360 F. Supp. 2d at 881).

### C. Discussion

Ford's federal civil suit and the pending state criminal action both stem from the events

3

of September 23, 2013, that resulted in his arrest. (DE 22 at 2). In this suit, Ford asserts that "[a]ll of the actions taken by Defendant Sessoms . . . including the unlawful arrest and detention of Plaintiff" were the result of Sessoms' discriminatory conduct. (DE 1 at ¶ 49; DE 3 at 3). In state court, Ford is facing one count of leaving the scene of an accident and two counts of resisting arrest. (DE 22 at 2). Accordingly, if this Court were to find that Ford's arrest and detention were the product of discrimination rather than the result of a criminal act, such finding could "interfere" with the state criminal proceeding. *Robinson*, 2004 WL 2032120, at \*2.

Turning to the four factors of *Younger*, there is an ongoing judicial state proceeding; that is, Ford's criminal charges remain pending and arise out of the events in dispute here, satisfying the first factor. Second, the state proceeding implicates an important state interest: the prosecution of alleged criminal activity. *See Trevino*, 2009 WL 3153754, at \*4.

As to the third factor, it appears that Ford has an opportunity in state court to present the constitutional issues he is raising here. That is, Ford can raise as a defense to his criminal charges that Sessoms harassed, arrested, and detained as a result of discrimination, rather than criminal activity. *See, e.g.*, *Cano-Diaz v. City of Leeds, Ala.*, 882 F. Supp. 2d 1280, 1289-90 (N.D. Ala. 2012) (concluding that the *Younger* abstention doctrine applied to plaintiff's claim of racial profiling under the Fourteenth Amendment where there were pending criminal charges arising from the allegedly discriminatory and unlawful stop); *Lee v. Ingram*, No. 4:10-cv-604-Y, 2012 WL 369931, at \*1 (N.D. Tex. Feb. 6, 2012) (same).

Finally, no extraordinary circumstances are present that make it "more appropriate to go forward with [Ford's] civil case instead of abstaining until [his] state proceedings are complete." *Trevino*, 2009 WL 3153754, at \*4. The most relevant, potential exception is that of

4

prosecutorial bad faith, but that is quite narrow. *See Carbone v. Zollar*, 845 F. Supp. 534, 538 (N.D. Ill. 1993). "Bad faith, for the purposes of *Younger*, entails a showing that 'the statute was enforced against [Ford] with no expectation of conviction[] but only to discourage exercise of protected rights." *Id*. (quoting *Cameron v. Johnson*, 390 U.S. 611, 621 (1968)). "Thus, allegations of selective prosecution are insufficient in themselves to meet the bad faith exception." *Id*. As such, *Younger* abstention applies, and a stay of Ford's civil case in this Court is appropriate.

None of Ford's various arguments change this outcome. Although he claims a stay will cause "irreparable harm" to his case, he never explains how. (DE 24 at 8). He next asserts that it is just as likely that his state criminal case will adversely impact this case, as it is that this case will interfere with the state criminal proceeding. (DE 24 at 7-8). He also emphasizes that the state has not filed any objections to this case proceeding, and in turn, questions Sessoms' authority to do so. (DE 24 at 5, 8). But these arguments amount merely to Ford's failure to appreciate "that *Younger* abstention is rooted in the traditional principles of equity, comity, and federalism." *SKS & Assocs., Inc., v. Dart*, 619 F.3d 674, 678 (7th Cir. 2010); *see Fuery v. City of Chicago*, No. 07-c-5428, 2008 WL 4874055, at *2 (N.D. Ill. June 18, 2008) ("Since the beginning of this country's history Congress has, subject to a few exceptions, manifested a desire to permit state cases free from interferences by federal courts." (quoting *Younger*, 401 U.S. at 43)).

Furthermore, regardless of the *Younger* doctrine, a "'district court possesses substantial discretion to control its docket,' including the inherent power to stay a case when justice so requires." *Tostado v. Jackson*, No. 10-cv-1162, 2011 WL 2116396, at *2 (E.D. Wis. May 25,

2011) (quoting *Employers Ins. of Wausau v. Shell Oil Co.*, 820 F.2d 898, 902 (7th Cir. 1987)). With one possible exception, all of the relevant factors favor a stay of the civil proceedings pending resolution of the criminal action.

To explain, the civil suit and criminal case arise out of the same incident and involve the same subject matter. The criminal case is ongoing against Ford, and any delay in the civil proceedings would likely be minimal; thus, a stay would not be highly prejudicial to Ford's ability to effectively prepare his civil case. *See, e.g.*, *Tostado*, 2011 WL 2116396, at *3. And although the public has an interest in the prompt disposition of civil litigation, it also has an interest in ensuring "that the criminal process can proceed untainted by civil litigation." *Hare v. Custable*, No. 07-cv-3742, 2008 WL 1995062, at *2 (N.D. Ill. May 6, 2008). Moreover, the possibility exists that the parallel proceedings would undercut Ford's privilege against self-incrimination, and allow "the liberal discovery procedures available in the civil action to circumvent the restrictions on criminal discovery." *Cnty of Milwaukee*, 2014 WL 3728078, at *6. Thus, only one factor, whether the government is a party in both cases, could possibly cut against the entry of a stay.

Consequently, after considering the *Younger* abstention doctrine and the Court's inherent power to manage its docket, this case will be stayed pending resolution of Ford's state criminal proceedings. *See, e.g.*, *Tostado*, 2011 WL 2116396, at *2-4 (finding that, on balance, the factors supported the issuance of a stay pending the outcome of the plaintiff's state criminal case).

### D. Conclusion

For the foregoing reasons, the Motion to Stay Proceedings (DE 21) is GRANTED.

Accordingly, this action is stayed pending resolution of Ford's state criminal proceedings and all subsequent appeals. Sessoms is DIRECTED to file a status report every thirty days concerning the criminal proceedings.

SO ORDERED.

Entered this 18th day of May 2015.

s/ Susan Collins<br>
Susan Collins<br>
United States Magistrate Judge