UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DR. TONEY FORD, SR., | ) |
| Plaintiff, | ) |
| vs. | ) CAUSE NO. 1:14-CV-320 PS |
| DEREK SESSOMS, et al., | ) |
| Defendants. | ) |

## OPINION AND ORDER

On November 20, 2014, Dr. Toney Ford, Sr., a *pro se* plaintiff, was granted leave to proceed *in forma pauperis* on Count II of his complaint as against defendant Derek Sessoms, a Marion, Indiana police officer. [DE 3.] The surviving claim against Sessoms is brought under 42 U.S.C. §1983, and alleges that Sessoms violated Ford's equal protection rights when he unlawfully harassed, arrested and detained Ford on September 23, 2013 based on his race and nationality. [*Id*. at 4.] Now before me is Sessoms' motion to dismiss.

The facts alleged in the complaint are that on the day in question, Ford noticed that the car he was driving was being followed by a strange white car, which persisted in its pursuit through multiple turns, causing Ford to "bec[o]me fearful for his safety." [DE 1 at 5-6.] Ford claims that the car tailed him so closely it caused him to have an accident in which he chose to veer off the street and hit a stop sign rather than risk being rear-ended. [*Id*. at 6.] After the collision, Ford got out of the car and walked or ran away

from the scene. [*Id.*] The white car turned out to be a police car, and Ford was arrested, presumably by defendant Sessoms, although the complaint doesn't identify the arresting officer by name. [*Id.*]

In addition to the motion to dismiss, Sessoms also filed a motion to stay the case pending the resolution of the state criminal proceedings against Ford that arose out of the same arrest. Magistrate Judge Collins granted the stay, which has subsequently been lifted following Ford's guilty plea to two of the state charges. [DE 35.] On October 16, 2015, Ford entered pleas of guilty to Count 2, resisting law enforcement, and Count 3, failure to stop at the scene of an accident resulting in damage. [DE 34.] Pursuant to a plea agreement, the charge of resisting law enforcement with use of a vehicle (Count 1) was dismissed. [*Id.*]

The claim remaining in this case after the screening review under 28 U.S.C. §1915(e)(2)(B) is an equal protection claim that Officer Sessoms "acted to harass, arrest and detain Ford and did so based on his race or nationality." [DE 3 at 4.] Ford's specific factual allegations about the events of September 23 don't reference race or racial motivation. More generally, however, Ford alleges that "Defendants individually and collectively have shown a pattern of engaging in or allowing and condoning agents under their control to engage in discriminatory patterns and practices against members of the African-American race" [DE 1 at ¶39] and that "Defendants acted collectively to discriminate against Plaintiff on the basis of his race and nationality" [*Id.* at ¶40.] Though it is true that Ford's complaint fails to expressly identify *his* race as African-

American, his pro se pleading is liberally construed in that manner, particularly since Ford's race is clearly known to defendant Sessoms after the related criminal proceedings and the claim is expressly made in the briefing here. [*See*, *e.g.*, DE 30 at 2 (referring to "defendant's desire to target plaintiff solely based upon the fact that he was an African American driving on the streets of Marion").]

Sessoms' motion invokes Fed.R.Civ.P. 12(b)(6), contending that Ford's Count II fails to state a claim on which relief can be granted. The applicable standard of Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has held that: "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *See also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The Seventh Circuit has clarified that: "[s]pecific facts are unnecessary, but the complaint must give the defendant fair notice of what the claim is and the grounds upon which it rests." *Huri v. Office of the Chief Judge of the Circuit Court of Cook County*, 804 F.3d 826, 832 (7th Cir. 2015). As to claims of discrimination based on race, a complaint is sufficient if it "identifie[s] 'the type of discrimination' the plaintiff thought occurred, 'by whom, ... and when[.]'" *Id.* at 833, quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010).

As to claims concerning Ford's arrest, Sessoms argues they are defeated by the probable cause clearly demonstrated by Ford's own factual allegations. Sessoms cites *Gonzalez v. City of Elgin*, 578 F.3d 526, 537 (7th Cir. 2009): "Probable cause is an absolute

3

defense to such a claim." "A police officer has probable cause to arrest if a reasonable person would believe, based on the facts and circumstances known at the time, that a crime had been committed." *McBride v. Grice*, 576 F.3d 703, 707 (7th Cir. 2009). Ford had hit a stop sign but left the scene of the accident. [DE 1 at 6.] By his own account, he was arrested a block and a half away, even after hearing the sirens that identified the white car as a police vehicle. [*Id.*] Leaving the scene of an accident involving property damage is a Class B misdemeanor under Indiana law. *See* Ind. Code §§9-26-1-4 & 9-26-1-8(b). The facts as Ford has pled them establish that Sessoms had probable cause for Ford's arrest. This determination would be fatal to a claim challenging the arrest on Fourth Amendment grounds, which was the issue in *Gonzalez*.

But Ford's claim is based on equal protection, not the Fourth Amendment. And Sessoms cites no authority for the proposition that the existence of probable cause for an arrest defeats an equal protection claim that the arrest was motivated by race. To the contrary: "Police need not arrest everyone who committed the same offense; selectivity is normal—and is proper, unless based on a forbidden classification such as race." *Del Marcelle v. Brown Cty. Corp.*, 680 F.3d 887, 902 (7th Cir. 2012) (Easterbrook, J., concurring in the judgment).

Sessoms' minimal treatment of Ford's equal protection theory is merely to assert that "there are no factual allegations to support an equal protection claim in Ford's complaint." [DE 20 at 7.] But as I pointed out above, Ford clearly alleges that the official behavior he complains of was motivated by discrimination against him on the basis of

4

his race. The allegations provide "fair notice" of the claim of race-based discriminatory treatment and "the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). The equal protection claim as it relates to the arrest is adequately pled to survive a motion to dismiss.

As the screening order indicated, I construe Count II's equal protection claim to have three prongs, challenging the arrest and detention, and making a claim of race-based harassment. [DE 3 at 4.] The harassment is alleged to be Officer Sessum's closely following Ford in his unmarked police car on the basis of Ford's race. Sessoms' motion fails to address the allegation that Ford was in that manner unlawfully harassed on the basis of his race. In any event, the pleading provides enough facts on the issue "to raise a reasonable expectation that discovery will reveal evidence supporting the allegations." *Huri*, 804 F.3d at 833. The harassment aspect of Count II is not shown to be subject to dismissal.

Finally, Ford's equal protection claim also challenges his detention, about which Ford alleges that his bond was set more than three times higher than typically required of similarly situated defendants in Grant and Marion Counties. [DE 1 at ¶32.] Even assuming that is true, and that the excessive bond was motivated by Ford's race, no claim against Sessoms is supported by those facts. As the complaint acknowledges, a judge sets the bond, not Officer Sessoms. [*Id.* at ¶31.] Ford has no viable claim against Sessoms based on his detention, and any claim that the judge was motivated by race in violation of the equal protection clause would be barred by judicial immunity, which

"extends to all judicial acts save those taken in the complete absence of jurisdiction." *Alexander v. Shan*, 161 Fed.Appx. 571, 574 (7th Cir. 2005), citing *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). To the extent Count II asserts a claim against defendant Sessoms concerning Ford's detention, it will be dismissed for failure to state a claim.

## CONCLUSION

The remaining Count II of Ford's complaint contains claims that he was denied equal protection of the law when Officer Sessoms harassed, arrested and detained Ford on the basis of his race. The motion to dismiss fails to demonstrate that the claims relating to Ford's harassment and arrest are insufficiently pled under the standards of Rule 8, and those claims will remain pending against Sessoms in both his individual and official capacities. The claim relating to Ford's detention will be dismissed for failure to state a claim against defendant Sessoms, a police officer who had no role in the detention decision.

**ACCORDINGLY:**

Defendant Derek Sessoms' Motion to Dismiss [DE 19] is GRANTED IN PART with respect only to plaintiff Toney Ford's claim that his detention by defendant Sessoms violated the equal protection clause. In all other respects, the motion is DENIED.

**SO ORDERED**.

ENTERED: January 11, 2016. /s/ Philip P. Simon
Philip P. Simon, Chief Judge