# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| DR. TONEY FORD, SR., | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | )   Case No.: 1:14-cv-00320-PPS-SLC |
| DEREK SESSOMS, *in his individual and* | ) |
| *official capacity, et al.*, | ) |
| | ) |
|     **Defendants.** | ) |

## OPINION AND ORDER

Before the Court is a motion to strike discovery addressed to a non-party David Gilbert (DE 58) and a motion for enlargement of time to respond to discovery (DE 60), both filed by Defendant Derek Sessoms on June 20, 2016. Plaintiff Dr. Toney Ford, Sr. ("Ford"), who is proceeding pro se and *in forma pauperis*, filed responses in opposition to the motions on June 27, 2016 (DE 61; DE 62), together with a subpoena directed to Gilbert (DE 63). Sessoms has not filed a reply to Ford's responses, and his time to do so has now passed.

As to the motion to strike, Ford served discovery requests on Gilbert, the Chief of Police for the City of Marion, on May 25, 2016. (DE 54; DE 55). Gilbert, however, is no longer a party to this lawsuit. (DE 3). As this Court stated in its decision on May 27, 2016 (DE 56), in order to obtain documents from a non-party, Ford must follow the procedures of Federal Rule of Civil Procedure 45, rather than Rules 33 and 34. Therefore, Sessoms's motion to strike Ford's discovery requests to Gilbert will be GRANTED.

Ford has now filed a subpoena addressed to Gilbert. (DE 63). Presumably, Ford is asking that the subpoena be served by the United States Marshals Service pursuant to 28 U.S.C.

§ 1915(d). In that regard, "[f]ederal courts have recognized their inherent power to monitor and control an indigent party's employment of the privileges afforded under 28 U.S.C. § 1915 for the purpose of preventing abuse of the court's process and harassment of both parties and non-parties." *Luster v. Sands*, 1:07-CV-245, 2008 WL 4449542, at *1 (N.D. Ind. Sept. 29, 2008) (collecting cases). "This power authorizes the Court to review indigent parties' subpoenae *duces tecum* before service and to order the Marshals Service to reject service requests in certain circumstances." *Id*. (citations omitted).

Here, there are several problems with the subpoena filed by Ford. First, Ford merely attaches to the subpoena the previous interrogatories and requests for documents that he sent to Gilbert. But under Rule 45, a subpoena must command a person to whom it is directed to "attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises[.]" Fed. R. Civ. P. 45(a)(1)(iii). Therefore, to the extent that the subpoena seeks answers to interrogatories, it is not in compliance with Rule 45.

Furthermore, "the law is clear that [an indigent plaintiff] cannot shift the cost of obtaining discovery to the Court or to non-parties." *Alspach v. Worden*, No. 1:10-cv-421, 2011 WL 1457755, at *1 (N.D. Ind. Apr. 15, 2011) (collecting cases); *see McNeil v. Lowney*, 831 F.2d 1368, 1373 (7th Cir. 1987) (stating that § 1915 does not provide statutory authority for waiving the payment of witness fees by the indigent plaintiff). Here, there is no indication that Ford has made any provision for the costs of copying the documents that he seeks from Gilbert. As such "[i]t would be a wasteful and frivolous expenditure of the Court's and the Marshals Service's time and resources to issue and serve such subpoena[] if [Ford] has not made provision for his

share of those costs beforehand." *Luster*, 2008 WL 4449542, at *2 (alteration in original) (quoting *Jackson v. Brinker*, No. IP 91-471-C, 1992 WL 404537, at *5 (S.D. Ind. Dec. 21, 1992)). Consequently, to the extent that Ford is asking that the Court direct the Marshals Service to serve the subpoena to Gilbert, his request will be DENIED.

Turning to Sessoms's request for an extension, Sessoms seeks a 28-day enlargement of time to respond to the interrogatories and requests for production that Ford addressed to him (DE 52; DE 53), asserting that the scope of the requested discovery is broad, burdensome, and requires the review of several documents. (DE 60 ¶ 2). Ford objects to the requested extension, stating that Sessoms was aware of this discovery as far back as March 2015, and thus, that Sessoms has had ample time to gather the requested information. (DE 62). Ford further argues that the discovery deadline, September 10, 2016, is quickly approaching, and that Sessoms's delay will prejudice Ford's ability to prepare his case. Accordingly, Ford asks that if the Court grants Sessoms's requested extension, that the Court also extend the discovery period accordingly. Having considered the parties' arguments, the Court will GRANT Sessoms's request for extension, and the Court will also extend the discovery period accordingly.

Therefore, Sessoms's motion to strike (DE 58) is GRANTED, and the discovery requests that Ford served to Gilbert (DE 54; DE 55) are STRICKEN. To the extent that Ford asks the Court to direct the Marshals Service to serve the filed subpoena (DE 63) to Gilbert, that request is DENIED without prejudice. Sessoms's motion for an enlargement of time (DE 60) is GRANTED; Sessoms is afforded up to and including August 4, 2016, to respond to Ford's outstanding discovery requests (DE 52; DE 53). Considering the status of the outstanding

discovery issues in this matter, the Court EXTENDS the discovery deadline to October 24, 2016.

SO ORDERED.

Entered this 15th day of July 2016.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge