UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| DR. TONEY FORD, SR., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | CAUSE NO.: 1:14-cv-00320-PPS-SLC |
| v. | ) | |
| DEREK SESSOMS, *in his individual and official capacity*, *et al.*, | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court in this 42 U.S.C. § 1983 action are two motions to compel (DE 67; DE 74) filed by pro se Plaintiff Dr. Toney Ford, Sr. ("Ford"), asking that the Court order Defendant Derrick Sessoms to more completely answer his initial set of interrogatories (DE 52; DE 65) and to fully respond to his initial request for production of documents (DE 53; DE 66). Sessoms timely filed a response in opposition to Ford's motion (DE 85); Ford, however, has not filed a reply brief, and his time to do so has now passed. Accordingly, the motion is now ripe for ruling.

For the following reasons, Ford's motions to compel will be GRANTED IN PART and DENIED IN PART.

### I. Factual and Procedural Background

In October 2014, Ford filed this § 1983 case against Sessoms, a police officer for the City of Marion, Indiana, in both his individual and official capacities, advancing various civil rights violations based on Sessoms's purported harassment, arrest, and detention of Ford on or about September 23, 2013. (DE 1; DE 3 at 3-4; DE 38). Ford also sued a host of other Defendants associated with the City of Marion, but after screening his complaint pursuant to 28 U.S.C. §

1915A, only one claim remained—Ford's assertion that Sessoms, in both his individual and official capacities, violated Ford's equal protection rights by discriminating against him on the basis of his race and nationality through harassing, arresting, and detaining him. (DE 3 at 3).

On April 6, 2015, Sessoms filed a motion to dismiss (DE 19), which the District Judge subsequently granted as to Ford's claims stemming from detention, but denied as to his claims (both in his individual and official capacities) stemming from harassment and arrest (DE 37).

The Court conducted a preliminary pretrial conference on February 26, 2016, setting a discovery deadline of September 10, 2016. (DE 46). Discovery ensued, and the discovery deadline was subsequently extended to October 24, 2016. (DE 64). On August 4, 2016, Sessoms produced his answers and responses to Ford's initial set of interrogatories and initial request for production of documents. (DE 65; DE 66). Several days later, Ford filed the instant motions to compel. (DE 67; DE 74).

## II. Legal Standard

Federal Rule of Civil Procedure 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

"For discovery purposes, relevance is construed broadly to encompass 'any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case.'" *Bd. of Trs. of the Univ. of Ill. v. Micron Tech., Inc.*, No. 2:11-cv-02288-SLD-JEH, 2016 WL 4132182, at *2 (C.D. Ill. Aug. 3, 2016) (alteration in original) (quoting *Chavez v.*

*DaimlerChrysler Corp.*, 206 F.R.D. 615, 519 (S.D. Ind. 2002)). Information within the scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1).

"The party opposing discovery has the burden of proving that the requested discovery should be disallowed." *Bd. of Trs. of the Univ. of Ill.*, 2016 WL 4132182, at *2 (citations omitted). "The objecting party must do more than simply recite boilerplate objections such as overbroad, burdensome, oppressive or irrelevant." *Id*. (citations omitted). "If the basis for an objection is lack of relevance, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Id*. (citation and internal quotation marks omitted). "District courts have broad discretion in matters relating to discovery." *Id*. (citing *Brown-Bey v. United States*, 720 F.2d 467, 470-71 (7th Cir. 1983)).

### III. Discussion

Ford contends that Sessoms failed to completely answer Interrogatory Nos. 10, 11, 12, 20, 22, and 23, and failed to fully respond to Request for Production Nos. 4, 8, 9, and 11. The Court will discuss each of these discovery requests in turn.

*A. Interrogatory No. 10*

Ford's Interrogatory No. 10 reads as follows:

> Please describe [fully] your knowledge of all applicable Federal, State, County and/or Municipal laws, regulations, ordinances and or policies regarding traffic stops, motor vehicle incidents, motor vehicle accidents, lawful stops, unlawful stops, public policy and City of Marion (IN) internal policies and protocols, public liability as well as all other controlling authorities regarding your and Marion (IN) Police Department's relationship and accompanying responsibilities in reference to incidents similar to the above-

3

> named incident on or about September 23, 2013, and continuing through this date:

(DE 52 at 10 (brackets in original)). Sessoms objects to the form of this Interrogatory—an open-ended question seeking a description of his full knowledge in several broad areas—asserting that it is impossible to answer without a lengthy dissertation, and that as such, it is overly burdensome and oppressive, and the burden and expense of preparing a complete answer outweighs any likely benefit. (DE 65 at 5). In response, Ford asserts that it is "fair game" to inquire into Sessoms's "actual understanding" and "knowledge" of the laws that may have informed his decision-making regarding the arrest. (DE 57 at 2).

The Court finds Sessoms's objections have merit. The Interrogatory as written is overly broad in scope and too confusing for the Court to compel a response. "If plaintiff wants information from defendant[], he must ask simple questions that are clear to the reader and can be answered with simple responses." *Shelley v. Hoenisch*, No. 08-cv-107-bbc, 2008 WL 2489927, at *2 (W.D. Wis. June 19, 2008). Accordingly, Ford's motion to compel is DENIED with respect to Interrogatory No. 10.

### B. Interrogatory No 11

In Interrogatory No. 11, Ford asks:

> As a member of the Marion (IN) Police Department and Grant County (IN) law enforcement community, have you ever had an opportunity to arrest Anthony Clark, and if so did you apprehend him; if so, was he detained and charged; if so, on what date(s), and what is/was the disposition of the case? If you did not arrest him, why not (i.e., what factors comprised your decision not to apprehend him; and please describe all steps taken in furtherance of apprehending Anthony Clark, whether he has/was ever apprehended, arrested, detained, prosecuted or not):

(DE 52 at 11). Sessoms's brief response to this Interrogatory states: "Yes. I have given

Anthony Clark at least one traffic citation and have been involved in his arrest pursuant to warrant." (DE 65 at 5). Ford argues that Sessoms's answer is incomplete in that it ignores several portions of the Interrogatory, including how many opportunities that Sessoms had to apprehend or arrest Clark, whether Clark was detained or charged, the disposition of the cases, why he was not arrested, and any steps taken to apprehend, arrest, detain, and prosecute Clark. (DE 67 at 3).

The Court agrees that Sessoms has not responded to portions of Interrogatory No. 11, rendering his answer incomplete. *See* Fed. R. Civ. P. 36(a)(4). Nor has Sessoms objected to the Interrogatory. Consequently, Ford's motion to compel is GRANTED as to Interrogatory No. 11.

### C. Interrogatory No. 12

Ford's Interrogatory No. 12 reads as follows:

> Please provide the name, address, relationship and place(s) of employment of each of your relatives and relatives of your spouse residing in the county (e.g., Grant) jurisdiction of the incident that serves as the basis of the complaint and the county (e.g., Allen) in which this case is pending respectively:

(DE 52 at 12). Sessoms objects to this Interrogatory, asserting that it seeks irrelevant information, is burdensome and oppressive, and may jeopardize the safety and privacy of individuals unrelated to this case. (DE 65 at 6). In response, Ford contends that it has come to his attention that Sessoms's relatives "are high ranking members of government within the City of Marion and the County of Grant, Indiana," and as such, that a "propensity for exerting undue influence" exists in this case. (DE 67 at 5).

Ford's motion to compel this information overreaches. There is no basis upon which to conclude that the personal information about Sessoms's relatives would lead to the discovery of

5

admissible evidence. *See Scaife v. Boenne*, 191 F.R.D. 590, 592 (N.D. Ind. 2000) (denying motion to compel where the plaintiff requested private information about the police officer defendants and their families); *see also Smith v. Sharp*, No. 11 C 50382, 2013 WL 2298142, at *3 (N.D. Ill. May 24, 2013) (characterizing the defendant police officers' home addresses, telephone numbers, family histories, and family member information as "confidential personal and irrelevant information"). Ford's speculation that Sessoms's relatives could somehow exert undue influence in this case does not entitle him to go on a "fishing expedition." *See Sirazi v. Panda Express, Inc.*, No. 08 C 2345, 2009 WL 4232693, at *4 (N.D. Ill. Nov. 24, 2009) ("[D]iscovery is not to be used as a fishing expedition." (quoting *E.E.O.C. v. Harvey L. Walner & Assocs.*, 91 F.3d 963, 971-72 (7th Cir. 1996))). Therefore, Ford's motion to compel is DENIED as to Interrogatory No. 12.

### D. Interrogatory No. 20

Ford's Interrogatory No. 20 reads as follows:

> Please list and describe the Marion (IN) Police Department and City of Marion (IN) statistics and or records pertaining to civil suits, but not limited to racial profiling, police harassment, civil rights complaints and/or violations, unlawful stops, etc... Include within your answer to this question, the number of incidents, broken down by race and/or national origins, and dissolution of each respective case:

(DE 52 at 17). In his answer to this Interrogatory, Sessoms stated that he does not have access to the requested information, and in his response brief, he explains that he is no longer employed by the Marion Police Department. (DE 65 at 8; DE 85 at 3). Sessoms cannot list and describe statistics or records that are outside his "possession, custody, or control." *See* Fed. R. Civ. P. 34(a); *see also Burton Mech. Contractors, Inc. v. Foreman*, 148 F.R.D. 230, 236 (N.D. Ind.

6

1992) (denying motion to compel where many of the documents identified in response to plaintiff's interrogatories belonged to defendant's employer, defendant had no legal right to them, and the documents were not within his custody or control).

Having said that, Ford is also suing Sessoms in his official capacity (DE 1; DE 3; DE 37 at 6), which is the same as suing the City of Marion.[1]  *See Kincaid ex rel. Johnson v. City of Edwardsville*, No. 09-cv-350-WDS, 2010 WL 3937394, at *4 (S.D. Ill. Oct. 4, 2010) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)); *see also Martin v. Fort Wayne Police Dep't*, No. 1:11 CV 347, 2014 WL 1047801, at *6 (N.D. Ind. Mar. 18, 2014) (citing *Jungels v. Pierce*, 825 F.2d 1127, 1129 (7th Cir. 1987)); *Pennington v. Hobson*, 719 F. Supp. 760, 772-73 (S.D. Ind. 1989).  As such, Sessoms's response is unresponsive as to Ford's claim against the City.  Consequently, Ford's motion will be GRANTED to the extent that Sessoms is directed to SUPPLEMENT his response to Interrogatory No. 20 with respect to Ford's official capacity claim.

### E.  Interrogatory No. 22

Ford's Interrogatory No. 22 reads:

> Please list and describe the City of Marion (IN) and the Marion (IN) Police Department's statistics and or records pertaining to traffic stops, race and nationality of subjects involved, charging decisions (e.g., referred for prosecution or not), sentencing statistics, imprisonment, probation, deferred judgments and case dismissals.  Include within your answer to this question, the number of incidents, broken down by race and/or national origin, and dissolution relating to each respective case:

(DE 52 at 18).  Sessoms's answer states: "I am not aware of any study that has been conducted in

---

[1] Ford contends in his brief that Sessoms's attorney has represented the Marion Police Department (*i.e.*, the City of Marion) in other similar suits.  (DE 74 at 8-9).

this area by the City of Marion." (DE 65 at 9). Ford contends that Sessoms's answer is evasive and unresponsive. (DE 67 at 7). In response, Sessoms argues that the request is overly burdensome and oppressive, and that the requested information "would demonstrate nothing as to whether Sessoms was motivated by racial animus." (DE 85 at 3).

Again, Sessoms cannot list and describe statistics or records that are outside his "possession, custody, or control." *See* Fed. R. Civ. P. 34(a); *see also Burton Mech. Contractors, Inc.,* 148 F.R.D. at 236. However, as explained above, Ford is also suing Sessoms in his official capacity, which is the same as suing the City of Marion. *See Kincaid ex rel. Johnson*, 2010 WL 3937394, at *4 (citing *Monell*, 436 U.S. at 691); *see also Martin*, 2014 WL 1047801, at *6 (citing *Jungels*, 825 F.2d at 1129); *Pennington*, 719 F. Supp. at 772-73. As such, Sessoms's response is unresponsive with respect to Ford's claim against the City. Consequently, Ford's motion is GRANTED to the extent that Sessoms is directed to SUPPLEMENT his response to Interrogatory No. 22 as to Ford's official capacity claim.

### F. Interrogatory No. 23

Ford's Interrogatory No. 23 states:

> Do you contend with reference to any claim(s) in this lawsuit there is any relevant governmental statute, ordinance, code, standard or policy statements; or relevant standard, recommendation, code or adopted statement, including but not limited to training manuals issued or published by any nongovernmental agency (e.g., Fraternal Order of Police, Police Protection Association, AFSCME, etc...) that you would rely on here? If so, please describe in sufficient detail (including but not limited to their relevance to the instant case) and give citations sufficient to identify each:

(DE 52 at 19). Sessoms answered as follows: "I acted in accordance with the Police Department's SOPs regarding traffic stops, pursuit, and use of force. I also relied on the State

statutes pertaining to speeding, running stop signs, and fleeing police officers." (DE 65 at 9). Ford argues that Sessoms's answer is inadequate because he failed to cite and describe in sufficient detail the applicable legal authority or manuals.

The Court agrees that Sessoms's answer is inadequate in that he did not cite the responsive legal authority and standard operating procedures in detail as requested in the Interrogatory. Notably, Sessoms did not object to the Interrogatory or suggest that it would be overly burdensome to answer. Therefore, Ford's motion to compel with respect to Interrogatory No. 23 is GRANTED.

*G. Request for Production No. 4*

In Request for Production No. 4, Ford seeks "[a]ll documents or tangible things which you intend to introduce into evidence at any hearing or trial in this case." (DE 53 at 2). In response, Sessoms states: "No decision has been made as to exhibits to be offered. Possible exhibits include items provided in response to the requests for production. Should other exhibits come to light, a copy will be provided." (DE 66 at 2). Ford contends that Sessoms's response is evasive, but the Court disagrees—it is still early in the case to determine what exhibits will be used at trial. Therefore, Ford's motion to compel with respect to Request for Production No. 4 is DENIED.

Having said that, Sessoms was required to disclose to Ford, pursuant to Federal Rule of Civil Procedure 26(a)(1), a copy or description (by category and location) of all documents, electronically stored information, and tangible things that Sessoms has in his possession, custody, or control and may use to support its claims or defenses. Ford apparently has received Sessoms's initial disclosures (DE 48), and thus, he should be in possession of such information.

9

Sessoms's initial disclosures, however, were not filed on the record in accordance with Local Rule 26-2. *See* N.D. Ind. L.R. 26-2(a)(2) ("All discovery material in cases involving a pro se party must be filed."). Therefore, notwithstanding the provision in the Report of Parties' Planning Meeting indicating that the parties will exchange, but not file, their Rule 26(a)(1) disclosures (DE 44 at 2), Sessoms is ORDERED to file his initial disclosures on the record.

### H. Request for Production No. 8

In Request for Production No. 8, Ford seeks "[a]ll documents [relating to incident of September 23, 2013] obtained by Defendant or provided through discovery, subpoena or any other means." (DE 53 at 2) (brackets in original). Sessoms's response to the Interrogatory reads: "No items meeting the parameters of this request are currently in the possession of defendant. Should such items be obtained, copies will be produced." (DE 66 at 2). Ford asserts that it is incredulous to assert, at this stage of the case, that Sessoms has not received any documents concerning the incident in question. (DE 74 at 3).

The Court cannot compel Sessoms to produce documents that are not within his "possession, custody or control." Fed. R. Civ. P. 34(a). However, as explained above, Ford is also suing Sessoms in his official capacity, which is the same as suing the City of Marion. *See Kincaid ex rel. Johnson*, 2010 WL 3937394, at *4 (citing *Monell*, 436 U.S. at 691); *see also Martin*, 2014 WL 1047801, at *6 (citing *Jungels*, 825 F.2d at 1129); *Pennington*, 719 F. Supp. at 772-73. As such, Sessoms's response is unresponsive with respect to Ford's claim against the City. Consequently, Ford's motion is GRANTED to the extent that Sessoms is directed to SUPPLEMENT his response to Request for Production No. 8 with respect to Ford's official capacity claim.

*I. Request for Production No. 9*

In Request for Production No. 9, Ford seeks "[a]ll reports and or statements from individuals Defendant intends to call as witnesses at trial." (DE 53 at 2). Sessoms's response reads: "No items meeting the parameters of this request are currently in the possession of defendant. Should such items be obtained, copies will be provided." (DE 66 at 3). As with Sessoms's response to Request for Production No. 8, Ford disbelieves that Sessoms has no written statements or reports from the witnesses it intends to call at trial.

To reiterate, the Court cannot compel Sessoms to produce documents that are not within his "possession, custody or control." Fed. R. Civ. P. 34(a). However, as explained above, Ford is also suing Sessoms in his official capacity, which is the same as suing the City of Marion. *See Kincaid ex rel. Johnson*, 2010 WL 3937394, at *4 (citing *Monell*, 436 U.S. at 691); *see also Martin*, 2014 WL 1047801, at *6 (citing *Jungels*, 825 F.2d at 1129); *Pennington*, 719 F. Supp. at 772-73. As such, Sessoms's response is unresponsive with respect to Ford's claim against the City. Consequently, Sessoms is GRANTED to the extent that Sessoms is directed to SUPPLEMENT his response to Request for Production No. 9 with respect to Ford's official capacity claim.

In addressing Request for Production No. 9, Ford also discusses Sessoms's required disclosures under Rule 26(a). Ford does not, however, articulate with particularity any deficiencies as to Sessoms's initial disclosures, and these disclosures are not of record for the Court's review. As stated earlier, Sessoms is ORDERED to file his initial disclosures on the record in accordance with Local Rule 26-2. Ford also engages in a lengthy discussion about Rule 26(a)(3) disclosures, but these objections are premature; Rule 26(a)(3) disclosures are not

11

due until 30 days before trial. *See* Fed. R. Civ. P. 26(a)(3)(B). Therefore, on this record, Ford's arguments concerning the required disclosures under Rule 26(a)(3) are unavailing.

*J. Request for Production No. 11*

In Request for Production No. 11, Ford seeks:

> Any and all documents relating to the number of annual traffic stops made by law enforcement in the city of Marion (IN) and the county of Grant (IN) for the twenty years preceding the incident that serves as the basis of this lawsuit, as well as the three supervening years subsequent to the incident that serves as the basis of this lawsuit; including information relating to citations, arrest, fines, incarceration; as well as statistics relating to the race, nationality and ethnicity of all subjects; complete personnel file of Derek Sessoms (incl. all stops, citations and arrests by Sessoms, the race, ethnicity and nationality of these subjects, complaints against Sessoms, and the disposition of these respective cases); city of Marion (IN) and county of Grant (IN) policy on police stops, police pursuit of vehicles, as well as policies for the use of service revolver and use of deadly force.

(DE 66 at 3). Sessoms objected to this Request as overly burdensome, oppressive, and unduly expansive, asserting that the burden and expense of responding to this Request would outweigh any likely benefit. (DE 66 at 3-4). Sessoms stated that he is not in possession of records pertaining to the annual traffic arrests in the City of Marion or Grant County, and that his inquiries indicated that the City has not conducted a study of the annual traffic stops and that such a study cannot be done due to the absence of race, ethnicity, or nationality on the majority of traffic citations issued. (DE 66 at 3-4). Sessoms did produce his personnel file, but redacted his medical information as irrelevant; he also produced copies of the Marion Police Department's policies on the use of force, pursuits, and traffic stops. (DE 66 at 4).

In light of Sessoms's objections, Ford trims back his request from 20 years prior to the incident to four years prior to the incident. (DE 74 at 7-8). Ford also believes that he is entitled

12

to Sessoms's medical information in his personnel file, asserting that Sessoms's "actions raise serious concerns regarding his state of mind and temperament." (DE 74 at 9).

Contrary to Ford's assertion, his request for Sessoms's medical file is not relevant to the elements of an equal protection claim. *See, e.g.*, *Smith v. City of Chi.*, 457 F.3d 643, 650-51 (7th Cir. 2006) (requiring a plaintiff advancing an equal protection claim to show that: "(1) the defendant intentionally treated him differently from others similarly situated, (2) the defendant intentionally treated him differently because of his membership in the class to which he belonged, and (3) the difference in treatment was not rationally related to a legitimate state interest." (citations omitted)); *Srail v. Vill. of Lisle, Ill.*, 588 F.3d 940, 943 (7th Cir. 2009) (stating that a plaintiff advancing a "class of one" equal protection claim is not required to prove the second element of an equal protection challenge). Therefore, Ford's request for Sessoms's medical file is unavailing. *See, e.g.*, *Scaif v. Boenne*, 191 F.R.D. 590, 593 (N.D. Ind. 2000) (denying the plaintiff's motion to compel the defendant officer to produce his medical file in a § 1983 civil rights case).

As to Ford's request for records related to the number of annual traffic stops made by police officers in the City of Marion and in Grant County, as stated earlier, Sessoms is no longer employed by the Marion Police Department, and thus, he does not have "possession, custody, or control" of this information. Fed. R. Civ. P. 34(a). Having said that, Ford is also suing Sessoms in his official capacity, which is the same as suing the City of Marion. *See Kincaid ex rel. Johnson*, 2010 WL 3937394, at *4 (citing *Monell*, 436 U.S. at 691); *see also Martin*, 2014 WL 1047801, at *6 (citing *Jungels*, 825 F.2d at 1129); *Pennington*, 719 F. Supp. at 772-73. Although Sessoms states that he has made "[i]nquiries" to the Marion Police Department

concerning the requested information, Sessoms's answer is not fully responsive as to Ford's official capacity claim against the City.  Consequently, Ford's motion is GRANTED to the extent that Sessoms is directed to SUPPLEMENT his response to Request for Production No. 11 with respect to Ford's official capacity claim.

### IV.  Conclusion

Ford's motion to compel complete answers to his initial set of interrogatories (DE 67) and his motion to compel production of documents and property (DE 74) are each GRANTED IN PART and DENIED IN PART as set forth herein.  Sessoms is ORDERED to produce to Ford and file on the record the compelled responses and supplemental responses on or before November 10, 2016.  Sessoms is further DIRECTED to file his Rule 26(a)(1) disclosures on the record forthwith.

The Court sets this case for a telephonic status conference on November 17, 2016, at 10:00 a.m.  The Court will initiate the call.

SO ORDERED.

Entered this 21st day of October 2016.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge