UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DR. TONEY FORD, SR., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CAUSE NO. 1:14CV320-PPS ) |
| DEREK SESSOMS, et al., | ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

Dr. Toney Ford, Sr., a *pro se* plaintiff, brought this action arising out of an encounter with law enforcement in Marion, Indiana. His remaining claims are against Marion police officer Derek Sessoms. Now before me is Ford's appeal of Magistrate Judge Susan Collins' ruling on several discovery motions. By her order of March 31, 2017, after a hearing held the same date, Judge Collins partially granted several of Ford's motions to compel, but also denied the motions in part and denied Ford's motion for sanctions. [DE 135.] Ford has filed objections to the ruling, a request that I review the motions de novo, and a motion to stay Judge Collins' ruling pending that review. [DE 136.]

Judge Collins decided the matters on referral pursuant to 28 U.S.C. §636(b)(1)(A). That statute provides that a district judge "may reconsider any pretrial matter under this subparagraph...where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *See also* Fed.R.Civ.P. 72(a). As the statutory standard

makes clear, my review is not de novo, and that aspect of Ford's appeal is rejected. "In short, the district judge reviews magistrate-judge discovery decisions for clear error." *Domanus v. Lewicki*, 742 F.3d 290, 295 (7th Cir. 2014). Under a clear error standard, which is described as "highly deferential," factual findings are not overturned absent a definite and firm conviction that a mistake has been made. *Continental Casualty Co. v. Symons*, 817 F.3d 979, 985 (7th Cir. 2016); *Hernandez v. Cardoso*, 844 F.3d 692, 695 (7th Cir. 2016). This standard of review is not met by a litigant merely rearguing his position to the district court; instead, success requires a demonstration that the magistrate judge committed a clear mistake of law or fact.

The matters addressed in Judge Collins' March 31 ruling were five filings by plaintiff Ford: a motion to compel and for sanctions [DE 102], a renewed motion to compel and motion to correct privacy protection filings [DE 103], and a third motion to compel [DE 104], all filed on December 22, 2016, along with a "Notice of Rule 11(b) Violations" [DE 106] and motion to compel and for sanctions [DE 107], both filed on December 28, 2016. In his objections, Ford complains that the record doesn't reflect Judge Collins' consideration of "controlling authorities" and parts of the record he relied on in support of his motions, and fails to adequately set forth Judge Collins' rationale for her rulings. [DE 136 at 2-3.] This sort of objection fails to demonstrate that there was any mistake in the conclusions Judge Collins reached. Because the objection does not establish clear error or that any decision by Judge Collins was contrary to law, it does not support reconsideration of Judge Collins' rulings.

Next Ford similarly contends that in denying his motion for sanctions under Rule 11, Judge Collins failed to state on the record whether any party complied or failed to comply with Rule 11. [DE 136 at 4.] Having listened to the recording of the March 31, 2017 hearing, I can reject this assertion on its face, as Judge Collins did explain her analysis of Ford's Rule 11 argument, namely that Sessom's deposition testimony did not support a Rule 11 violation. Furthermore, applying the standard of review under §636(b)(1), Ford's objection about Judge Collins' *explanation of* her ruling does not meet a clear error standard or establish that her decision was contrary to law. Ford also appears to attempt, but fails to make, a cogent argument describing "false pleadings" or discovery abuse allegedly committed by defendant Sessoms. [*Id*. at 5-6.] I am unable to understand this argument, which as a result does not persuade me that Judge Collins' ruling involved clear error or was contrary to law.

Ford next complains that a particular deposition witness – Marion Chief of Police Angela Haley – failed to review her deposition transcript and return an errata sheet. [DE 136 at 7.] Why this is of concern to Ford, and why it would constitute a violation of Rule 37 subject to being compelled, are both unclear to me. [*Id.* at 7-9.] Is Ford suggesting that Haley's dilatory response delayed or prevented Ford from obtaining the transcript? I don't understand why that would be so, and Sessoms points out in response that Ford has quoted extensively from Haley's deposition transcript in the summary judgment briefing now before me. The recording of Judge Collins' hearing discloses that she adequately addressed this issue along these same lines.

Finally, Ford contrasts Judge Collins' setting a deadline for Sessoms' supplemental disclosures with her warning that a portion of one of Ford's motions to compel would be denied if he did not supplement the record by a specified date with demonstrative examples of the discovery abuse he complained of. [DE 136 at 12-13.] My most generous interpretation of this argument contrasting apples and oranges falls far short of establishing clear error by Judge Collins, or a decision contrary to law. As explained at the hearing, Ford acknowledged his need to support his claim that some disclosed materials had been improperly redacted by providing examples, for which Judge Collins set a reasonable deadline.

At her March 31, 2017 hearing, Judge Collins more than adequately explained and reasonably supported her handling of the five discovery and sanctions matters ruled upon in her order of the same date. Because Ford fails to establish that the challenged rulings were clearly erroneous or contrary to law, Ford's objections will be denied.

ACCORDINGLY:

Plaintiff Tony Ford's objections to the magistrate judge's March 31, 2017 ruling, request for de novo review and motion to stay [DE 136] are DENIED.

SO ORDERED.

ENTERED: May 22, 2017.

/s/ Philip P. Simon
**Philip P. Simon, Chief Judge**